**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUDGE CROTTY

14 CV 9713

-------------------------------------------------------------- X

ELENA VITALE, individually and on behalf of others similarly situated,

Plaintiffs,

-against-

CORIGIN HOLDINGS, LLC, FAMILY FIRST OPERATIONS, LLC, RYAN FREEDMAN, ANGELINA FREEDMAN, and GALINA ANISSIMOVA,

Defendants.

-------------------------------------------------------------- X

Case No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

RECEIVED
DEC 10 2014
U.S.D.C. S.D. N.Y.
CASHIERS

ELENA VITALE (née Gulayeva) ("**Ms. Vitale**"), individually and on behalf of others similarly situated (with Ms. Vitale, collectively "**Plaintiffs**"), by and through their attorneys, Ballon Stoll Bader & Nadler, P.C., as against CORIGIN HOLDINGS, LLC, FAMILY FIRST OPERATIONS, LLC, RYAN FREEDMAN, ANGELINA FREEDMAN, and GALINA ANISSIMOVA (collectively "**Defendants**"), allege, upon information and belief, as follows:

## NATURE OF THE ACTION

1. Ms. Vitale brings this action for declaratory relief and monetary damages, on behalf of herself individually, and all other employees similarly situated, to redress the deprivation of rights secured to Plaintiffs under: (a) the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("**FLSA**"); and (b) New York Labor Law, §§ 161, 170, 190 *et seq.* and 650 *et seq.* ("**NYLL**").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331, 1337 and 1343 (3)-(4), and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

3. Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendants operate their businesses and employed Plaintiffs in this District.

## CLASS ACTION ALLEGATIONS

5. The claims arising under New York State Labor Law and FLSA are properly maintainable as a class action under Fed. R. Civ. P. 23.

6. Upon information and belief, the members of the class are so numerous that joinder of all members is impracticable.

7. The named Plaintiff, Ms. Vitale, will adequately represent the interests of the class members because she is similarly situated to the class members and her claims are typical of, and concurrent to, the claims of all other class members.

8. The class members were all subject to the same compensation policies and practices of Defendants.

9. Ms. Vitale and the other class members sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and FLSA.

10. There are no known conflicts of interest between Ms. Vitale and the other class members.

11. The class action counsel, Ballon Stoll Bader & Nadler, P.C., is qualified and able to litigate the class members' claims.

12. The class counsel concentrates part of its practice on employment litigation, and its attorneys are experienced in class action litigation, including actions arising under the federal and state wage and hour laws.

13. Defendants have acted or refused to act on grounds generally applicable to all class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

14. Common questions of law and fact predominate this action because the claims of all class members are based on whether the following practices of Defendants violate NYLL: (a) Defendants' policy and/or practice of not paying non-exempt employees for all hours worked and/or statutory overtime for hours worked over forty (40) and forty-four (44) hours per week; (b) Defendants' policy and/or practice of not providing employees benefits, including, but not limited to, health insurance, family leave, medical leave, worker's compensation and unemployment insurance; and (c) Defendants' policy and/or practice of not furnishing employees with an accurate statement of wages, hours worked, rates paid, and gross wages.

15. The class action is maintainable under subsections (1), (2) and (3) of Fed. R. Civ. P. 23(b) because Plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## THE PARTIES

### A. Plaintiffs

***Ms. Vitale***

16. Ms. Vitale is an adult individual residing in Kings County (Brooklyn), New York.

17. At all relevant times, Ms. Vitale was an employee under the FLSA and NYLL, employed within this District.

18. Ms. Vitale was employed by Defendants from September 2013 until June 2014.

19. Ms. Vitale was employed by Defendants to work, among other places, at the home health care facility operated out of the home of Defendants RYAN FREEDMAN and ANGELINA FREEDMAN, located at 219 East 67th Street, FL 5, New York, New York 10065.

***Class Members***

20. The Class Members are present and former employees of Defendants, namely, domestic workers, nannies, chauffeurs, and maids, who, upon information and belief, were made, required, or permitted to work by Defendants and not paid their regular or statutorily required rate of pay for all hours worked.

21. Specifically, the Class Members include, but are not limited to, those individuals who:

a. Defendants made, required, or permitted to perform work in excess of forty (40) and forty-four (44) hours per week, including before and/or after the end of their scheduled shift, but were not paid for performing such work as a result of Defendants' policies, practices, and time-recording system; and

b. Defendants made, required, or permitted to perform work without providing any breaks, and were entitled to receive compensation during an unpaid "break period," but did not receive their full compensation as a result of Defendants' policies and practices.

**B. Defendants**

***Corporate Defendants***

22. Upon information and belief, Defendant CORIGIN HOLDINGS, LLC ("**Corigin**") is a Delaware Limited Liability Company registered to do business in the State of

New York, with a principal place of business located at 505 Fifth Ave, FL 22, New York, NY 10017.

23. Upon information and belief, Defendant FAMILY FIRST OPERATIONS, LLC ("**Family First**") is a Delaware Limited Liability Company registered to do business in the State of New York, with a principal place of business located at 505 Fifth Ave, FL 22, New York, NY 10017.

24. Upon information and belief, Corigin is the parent company of Family First (Corigin and Family First, collectively, the "**Corporate Defendants**").

25. At all relevant times, Defendants owned, operated, and controlled a home health care facility out of the home of Defendants Ryan and Angelina Freedman, located at 219 E. 67th Street, FL 5, New York, New York 10065.

***Individual Defendants***

26. This action seek redress from Defendants RYAN FREEDMAN, ANGELINA FREEDMAN and GALINA ANISSIMOVA (collectively, the "**Individual Defendants**"), in their individual capacities, as owners, officers, and/or agents of the Corporate Defendants.

27. Defendant RYAN FREEDMAN ("**Ryan**") is an individual residing in New York, New York.

28. Upon information and belief, Ryan possesses or possessed an ownership interest in Corporate Defendants, and controls or controlled significant operational and other functions of the Corporate Defendants.

29. Defendant ANGELINA FREEDMAN ("**Angelina**") is an individual residing in New York, New York.

30. Upon information and belief, Angelina possesses or possessed an ownership interest in the Corporate Defendants, and controls or controlled significant operational and other functions of the Corporate Defendants.

31. Defendant GALINA ANISSIMOVA ("**Anissimova**") is an individual residing in Brooklyn, New York (Ryan, Angelina and Anissimova, are collectively referred to herein as, the "**Individual Defendants**").

32. Upon information and belief, Anissimova possesses or possessed an ownership interest in the Corporate Defendants, and controls or controlled significant operational and other functions of the Corporate Defendants.

33. Upon information and belief, the Individual Defendants, alone or in concert with one another, have the authority to, and do, hire and fire employees.

34. Upon information and belief, the Individual Defendants, alone or in concert with one another, have the authority to, and do, determine the wages and compensation of Defendants' employees.

35. Upon information and belief, the Individual Defendants, alone or in concert with one another, have the authority to, and do, establish the schedules of Defendants' employees.

36. Upon information and belief, the Individual Defendants, alone or in concert with one another, have the authority to, and do, make decisions concerning the keeping and maintenance of Defendants' employees' records.

37. Upon information and belief, the Individual Defendants, alone or in concert with one another, have the authority to, and do, make decisions concerning the system for keeping and maintaining employee payroll records, the timing and method with which payment is conveyed to employees, and the manner in which employees receive compensation information.

38. Upon information and belief, the Individual Defendants, alone or in concert with one another, have the authority to, and do, make decisions concerning the type and scope of benefits available to employees, the method and manner in which information regarding those benefits is conveyed to employees, and the system for keeping and maintaining records related to employees' benefits.

39. By reason of the foregoing, the Individual Defendants have the power, among other things, to hire and fire employees, to supervise and control employees' work schedules and conditions of employment, and to determine the rate and method of employees' payment.

40. The Individual Defendants are affirmatively, directly, and actively involved in the operations of Defendants' business functions, particularly in regards to the employment of Plaintiffs and the violations complained of herein.

41. Based upon the foregoing, the Individual Defendants are each liable to Plaintiffs because of their active roles in operating the business(es), their statuses as an employer, and according to federal and state common law.

## FACTUAL ALLEGATIONS

42. Defendants operate a home health care facility located on the Upper East Side of Manhattan under the name "Family First Operations, LLC."

43. Defendants employed and/or currently employ Plaintiffs as domestic workers, nannies, chauffeurs, and maids to care for the home and two young children of Ryan and Angelina, who are also the grandchildren of Anissimova (the "**Children**").

44. At all times relevant times hereto, the Children were both under the age of 5.

A. **Defendants' General Employment Practices**

45. As part of their regular business practices, Defendants intentionally, willfully, and repeatedly have harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

46. At all times relevant hereto, Defendants maintained a policy and practice of requiring Plaintiffs (both domestic and non-domestic employees) to work in excess of forty (40) and forty-four (44) hours per week.

47. At all times relevant hereto, Defendants failed to pay Plaintiffs their regular or statutorily required wages for hours that Plaintiffs worked in excess of forty (40) and forty-four (44) in a given week.

48. At all times relevant hereto, Defendants failed to maintain accurate recordkeeping of Plaintiffs' hours worked.

49. At all times relevant hereto, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which Plaintiffs worked in excess of ten (10) hours.

50. Defendants failed to provide Plaintiffs with written notice of: (a) the rate of pay upon which both have agreed; (b) overtime rate of pay; and (c) the regular payday, as required by NYLL §§ 195, 691, et seq.

51. Defendants failed to provide Plaintiffs with a statement of wages with each payment of wages, having the total number of hours worked, gross pay; and, any deductions for taxes or other money taken out of pay, as required by NYLL §§ 195, 691, et seq.

52. Defendants failed to provide Plaintiffs with unemployment insurance and workers' compensation insurance, as required by NYLL § 691.

53. Defendants failed to provide Plaintiffs with a notification, either in the form of posted notices or other means, regarding overtime rate and wages under the FLSA and NYLL.

54. Defendants failed to give Plaintiffs employed as domestic workers at least one full day (24 consecutive hours) of rest, as required under NYLL § 161.

55. Upon information and belief, Defendants failed to give Plaintiffs employed as domestic workers by Defendants for at least one (1) year, at least three (3) days of rest in each calendar year at the regular rate of compensation, as required by NYLL § 161.

56. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57. Defendants failed to post required wage and hour posters in the workplace, including in Plaintiffs' respective primary languages.

58. Defendants failed to provide Plaintiffs with their regular or statutorily required wage and hour records or statements of their pay received.

59. Defendants have failed to provide Plaintiffs with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

60. Upon information and belief, Defendants failed to provide Plaintiffs, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

Plaintiffs' respective primary languages, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

61. Defendants adopted and engaged in the foregoing practices and policies, in part, to hide their violations of the wage and hour laws, and also to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

**B. Joint Employment and Alter Ego**

62. Defendants are associated and joint employers, and act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

63. Each Defendant possesses or possessed substantial control over the working conditions of Plaintiffs.

64. Each Defendant possesses or possessed substantial control over the policies and practices with respect to the employment and compensation of Plaintiffs.

65. Defendants jointly employed Plaintiffs and are their employers within the meaning of 29 U.S.C. §§ 201 et seq. and the NYLL.

66. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

67. Upon information and belief, the Individual Defendants operate the Corporate Defendants as an alter ego of themselves, or fail to operate the Corporate Defendants as an entity legally separate and apart from themselves, by, among other things:

a. Failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

b. Defectively forming or maintaining the Corporate Defendants by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

c. Transferring assets and debts freely as between all Defendants;

d. Operating the Corporate Defendants for their own benefit as the sole or majority shareholders;

e. Operating the Corporate Defendants for their own benefit and maintaining control over them as closed or closely held entities;

f. Intermingling assets and debts of their own with the Corporate Defendants;

g. Diminishing and/or transferring assets to protect their own interests; and

h. Other actions evincing a failure to adhere to the corporate form.

68. At all relevant times hereto, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

69. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

70. At all relevant times, the work performed by Plaintiffs was directly essential to the businesses operated by Defendants.

**C. Plaintiff Elena Vitale**

71. Ms. Vitale was employed by Defendants from September 2013 until June 2014.

72. Ms. Vitale worked as a domestic worker – specifically, as a nanny for the Children.

73. Ms. Vitale regularly worked in excess of forty-four (44) hours per week.

74. Throughout her employment with Defendants from September 2013 to June 2014, Ms. Vitale was paid a weekly salary of $400.00 in cash,[1] plus $521.31 by check, for a total gross (pre-tax) pay of $921.31 per week.

75. Ms. Vitale was not required by Defendants to keep track of her time, although she diligently did so for herself.

76. On several occasions, Ms. Vitale requested that Ryan pay her for her overtime work.

77. All of Ms. Vitale's requests for overtime pay were denied.

78. From in or around September 2013 until May 2014, Ms. Vitale was often forced to work 7 days a week, and to be on call to care for the Children during all times, including, the middle of the night.

79. Consequently, Ms. Vitale was required, at times, to work as much as 168 hours per week.

80. As part of her responsibilities in caring for the Children, Ms. Vitale often slept overnight in a bedroom adjoining the Children's bedroom.

81. Ryan and Angelina had a monitor installed in Ms. Vitale's bedroom so Ms. Vitale could observe the Children sleeping, and if either of the Children awoke in the middle of the

[1] In addition to violating FLSA and NYLL laws and regulations, Defendants disregarded Federal, State, and Local tax laws and regulations by failing to report Plaintiffs' actual salaries by paying them in cash and issuing incorrect reports to the tax authorities. It was only after Ms. Vitale raised the issue of such cash payments being made by Defendants that the Defendants issued amended Tax reporting forms that – belatedly – accurately reflected the wages paid to her.

night, Ms. Vitale, rather than Ryan and Angelina (the Children's parents), was informed by Defendants that she was expected to tend to the Children.

82. On numerous occasions, Ryan and Angelina instructed Ms. Vitale that they did not want to be bothered in the middle of the night – that it was Ms. Vitale's responsibility to care for their Children at such times.

83. During typical workdays, Ms. Vitale was allowed to leave the home and take a break for approximately one hour, and then only on rare occasions.

84. Throughout her employment as the Children's nanny with Defendants, Ms. Vitale often accompanied Ryan and Angelina on trips.

85. For example, in or about November 2013, Ms. Vitale accompanied Ryan and Angelina (and the Children) on a trip to Los Angeles, California.

86. On this trip, at the direction of Ryan and Angelina, Ms. Vitale slept in a separate hotel room with the Children and was working literally twenty-four (24) hours per day as she was on call at every moment, including the middle of the night, to care for the Children, should the need arise.

87. As an additional example, in or about February 2014, Ms. Vitale accompanied Ryan and Angelina (and the Children) on a trip to Miami, Florida.

88. On this trip, Ms. Vitale was working literally twenty-four (24) hours per day, as she was on call at every moment, including the middle of the night, to care for the Children, should the need arise.

## FLSA CLASS ACTION CLAIMS

89. Plaintiffs bring these FLSA minimum wage, overtime, and liquidated damages claims as a Class Action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated individuals (the "**FLSA Class**"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three (3) years before the filing of the complaint in this case (the "**FLSA Class Period**").

90. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and they have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans, including Defendants' willfully failing and refusing to pay the FLSA Class the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records, as required by the FLSA.

91. Plaintiffs' claims stated herein are uniform or nearly uniform to all.

**NYLL CLASS ACTION CLAIMS**

92. Plaintiffs bring these NYLL minimum wage, overtime, and liquidated damages claims as a Class action pursuant to NYLL §§ 170, 195, 691, et seq., on behalf of all similarly situated individuals (the "**NYLL Class**"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is six years before the filing of the complaint in this case (the "**NYLL Class Period**").

93. At all times relevant hereto, Plaintiffs were and are similarly situated in that they had or have substantially similar job requirements and pay provisions, and have been or are subject to Defendants' common practices, policies, programs, procedures, protocols, and plans, including willfully failing and refusing to pay Plaintiffs their regular and statutorily required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records as required by the NYLL.

94. Plaintiffs' claims stated herein are uniform or nearly uniform to all.

**FIRST CAUSE OF ACTION**
(Violation of the Minimum Wage Provisions of the FLSA)
(As Against All Defendants)

95. Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

96. At all times relevant hereto, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the FLSA.

97. Defendants had the authority to hire and fire Plaintiffs, controlled the terms and conditions of Plaintiffs' employment, and determined Plaintiffs' rate and method of any compensation.

98. At all times relevant hereto, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce by, among other things, bringing their employees to other states, including, but not limited to, Florida and California.

99. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203 (r-s).

100. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

101. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

102. Plaintiffs were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
(Violation of the Overtime Provisions of the FLSA)
(As Against All Defendants)

103. Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

104. In violation of 29 U.S.C. §207(a)(1) of the FLSA, Defendants failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

105. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

106. Plaintiffs were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
(Violation of the New York Minimum Wage Act)
(As Against All Defendants)

107. Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

108. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

109. Defendants had the power to hire and fire Plaintiffs (and the putative Class members), controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

110. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the putative NYLL Class members) less than the minimum wage.

111. Defendants' failure to pay Plaintiffs (and the putative NYLL Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

112. Plaintiffs (and the putative NYLL Class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
(Violation of the Overtime Provisions of the NYLL)
(As Against All Defendants)

113. Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

114. Defendants, in violation of the NYLL §§ 170, 190 et seq., and associated rules and regulations, failed to pay Plaintiffs (and the putative NYLL Class members) overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek (forty-four [44] hours for domestic workers).

115. Defendants' failure to pay Plaintiffs (and the putative NYLL Class members) overtime compensation was willful within the meaning of NYLL § 663.

116. Plaintiffs (and the NYLL Class members) have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
(Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)
(As Against All Defendants)

117. Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

118. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12. §142-2.4(a)(2009).

119. Defendants' failure to pay Plaintiffs (and the putative NYLL Class members) an additional hour's pay for each day in which the Plaintiffs (and the putative NYLL Class members) worked in excess of ten (10) hours was willful within the meaning of NYLL § 663.

120. Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
(Violation of the Notice and Recordkeeping Requirements of the NYLL)
(As Against All Defendants)

121. Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

122. Defendants failed to provide Plaintiffs with a written notice, in English and in Plaintiffs' primary languages (including Russian), of their rate of pay, regular pay day, and such other information as required by NYLL § 195(1).

123. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys fees, for this violation, pursuant to the NYLL.

**SEVENTH CAUSE OF ACTION**
(Violation of the Wage Statement Provisions of the NYLL)
(As Against All Defendants)

124. Plaintiffs repeat and re-allege the above paragraphs as though set forth fully herein.

125. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL § 195(3).

126. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys fees, for this violation, pursuant to the NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants in their favor and they be given the following relief:

(a) Designating this action as a Class Action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them time to promptly file requests to be excluded as Plaintiffs in the FLSA and NYLL claims in this action;

(b) declaring that Defendants violated the minimum and overtime wage provisions, and the recordkeeping requirements, of the FLSA, NYLL and Spread of Hours Wage Order, as to Plaintiffs;

(c) declaring the aforesaid violations by Defendants' were willful;

(d) an Order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

(e) awarding Plaintiffs damages for the value of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f) awarding Plaintiffs liquidated damages under the FLSA in an amount equal to 100% of their damages for the sum of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages, as applicable pursuant to 29 U.S.C. § 216(b);

(g) awarding Plaintiffs damages for Defendants' violation of the NYLL notice and record keeping provisions, pursuant to NYLL §§ 198(l-b), 198(l-d);

(h) awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(i) awarding Plaintiffs liquidated damages under the NYLL in an amount equal to one hundred percent (100%) of the sum of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663, as applicable;

(j) awarding Plaintiffs pre-judgment and post-judgment interest, as applicable;

(k) awarding Plaintiffs the expenses incurred in this action, including costs and reasonable attorneys' fees; and

(l) awarding Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 10, 2014

BALLON STOLL BADER & NADLER, P.C.

By: ______________________

Marshall B. Bellovin, Esq. (MB 5508)
Vano I. Haroutunian, Esq. (VH 1010)
Evan E. Richards, Esq. (ER 8382)
729 Seventh Avenue, 17th Floor
New York, New York 10019
212-575-7900
File No. 19703.002

To:

CORIGIN HOLDINGS, LLC
505 FIFTH AVE, 22ND FL
NEW YORK, NEW YORK, 10017

FAMILY FIRST OPERATIONS, LLC
160 GREENTREE DR STE 101
DOVER, DELAWARE 19904

RYAN FREEDMAN
219 E 67TH ST 5TH FL
NEW YORK, NEW YORK 10065-6062

ANGELINA FREEDMAN
219 E 67TH ST 5TH FL
NEW YORK, NEW YORK 10065-6062

GALINA ANISSIMOVA
2458 NATIONAL DR
BROOKLYN, NEW YORK 11234-6836